UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYRONE LEE JOHNSON, II,

        Plaintiff,

     v.

CAPT. PARKS; DEPUTY BULL;
DEPUTY TALALEMOTU; and MICHAEL
REESE/MSCO,

        Defendants.

Case No. 3:22-cv-00924-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and alleges that deputies at the Multnomah County Detention Center (MCDC) use excessive force against him in violation of his constitutional rights. Defendants now move for dismissal of plaintiff's Complaint on grounds that plaintiff fails to state a viable claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

The parties consented to final disposition of this action by magistrate judge, and after review of defendants' motion, it is granted in part and denied in part.

- 1 -    OPINION AND ORDER

DISCUSSION

When reviewing a motion to dismiss, a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). At the same time, the Court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Based on his Complaint and the attached exhibits, plaintiff alleges that on May 9, 2022, he became frustrated and slammed a shower door at MCDC after Deputy Bull ignored him and refused to speak with him about "walking" the next shift to use the telephone (which had been broken). Plaintiff alleges that Deputies Bull and Talalemotu approached him in an "aggressive" manner, and as he "backpedaled" the deputies "rushed" him. Plaintiff claims that the deputies

gave no directives and provided no opportunity for plaintiff to explain before physically assaulting him. Plaintiff alleges that Deputy Bull "punched" him with closed fists and Deputy Talalemotu pulled his hair and attempted to push his face into a piece of unit exercise equipment. *See* Compl. & Exs. (ECF No. 2 at 3-4, 11-14). Defendants argue that these facts do not sufficiently allege a claim of excessive force. I disagree.

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citation omitted). A pretrial detainee can sustain an excessive force claim "by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* at 398. Construing plaintiff's allegations liberally and with all reasonable inferences in his favor, plaintiff alleges that Deputies Bull and Talalemotu used physical force, including punching plaintiff with closed fists, when the circumstances did not reasonably warrant the use of such force. Plaintiff's allegations are sufficient at the pleading stage, and defendants' motion is denied with respect to plaintiff's claims of excessive force alleged against Deputies Bull and Talalemotu.

Defendants also move for the dismissal of claims against Capt. Parks and Sheriff Reese on grounds that plaintiff relies solely on their supervisory roles as a basis for liability. It is well established that liability under § 1983 arises only upon a showing of personal participation by each defendant, and a supervisor – such as the jail commander or sheriff – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges only that Capt. Parks and Sheriff Reese were "responsible for the operation" of MCDC. Compl. at 3. Plaintiff does not allege that Capt. Parks

or Sheriff Reese personally participated in the allege use of unlawful force, and plaintiff's claims against them are dismissed.

In response to defendant's motion, plaintiff requests the appointment of counsel. Generally, there is no constitutional right to counsel in a case brought under 42 U.S.C. § 1983. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional cases. *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, the Court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate the claim in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Wilborn*, 789 F.2d at 1331.

In light of plaintiff's allegations and the issues raised, he does not demonstrate that this is an exceptional case warranting the appointment of volunteer counsel at this time.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 15) is GRANTED in part and DENIED in part. Plaintiff's claims against defendants Parks and Reese are DISMISSED, with prejudice. The motion is denied in all other respects. Defendants Bull and Talalemotu shall file an Answer with thirty days from the date of this Order.

Plaintiff's Motion for Appointment of Counsel (ECF No. 23) is DENIED with leave to renew at a later stage of the proceedings.

IT IS SO ORDERED.

DATED this 27th day of February 2023.

                                                             MUSTAFA T. KASUBHAI (he /him)
                                                             United States Magistrate Judge